In re T. P. PHELPS' WILL, L. B. PLATT, Appellant.

*Will.*

The testator first devised his real estate to G. W., and then gave "to Jane
Wilbur the sum of $100, annually during her life," and made the pay-
ment of the annuity a charge on the real estate. The will then provided:
"I also give to the heirs of the said Jane,   *   *   *   *   *to be paid
at the decease of said Jane,* the sum of $1600, to be paid in the *same manner
as said annuity.*" The court below decreed : "And if the said Jane shall
have lawful children, said court doth decree to said children, *at the
decease* of said Jane, the sum of $1600." *Held,* that the will was correctly
construed.

Appeal from the Probate Court. Heard September Term,
1883, Taft, J., presiding. Judgment of the Probate Court
affirmed.

*A. P. Hodges,* for certain heirs.

*E. R. Hard,* for L. B. Platt.

The opinion of the court was delivered by
Veazey, J. Timothy P. Phelps having made provision in his
will in behalf of George Whittemore, subject to charges and
payments therein specified, then proceeded to make bequest as
follows :

8. "I give to Jane Wilbur the sum of one hundred dollars
"annually during her life, to be paid to her by the said George
"Whittemore, or the legal owner or occupant of that part of my
"home farm, situate in said Milton.

9. "And I make the payment of said annuity to the said
"Jane a charge upon the said part of the said home farm,
"situate in said Milton.

10. "I also give to the heirs of the said Jane, if she shall
"have children born in lawful wedlock, to be paid at the decease
"of the said Jane, the sum of one thousand, six hundred dollars,

" to be paid in the same manner as said annuity, and in a like " manner as said annuity, to constitute a charge upon that part " of my home farm situate in said Milton."

Provisions similar in effect, and conceded to be so nearly like in terms as to warrant the same construction as the above should receive, were made in behalf of other persons, and upon their decease, in behalf of their heirs ; except that in some cases the bequests were made a charge upon that part of the said home. farm situate in the town of Colchester, instead of Milton.

The question before the Probate Court, and on the appeal in the County Court, was, as to what construction should be given to the clause, "*to be paid in the same manner as said annuity.*"

It is now contended by the appellant that these words should be treated as referring to the *times when the heirs shall be paid, and the sums which they shall, from time to time, receive.* The claim is that the heirs, after the decease of Jane, were entitled only to the payment of one hundred dollars annually, the same as Jane had received, that being the legal rate of interest on $1,600. The decree of the Probate Court, which was affirmed by the County Court, was, on this point, as follows :

" And if the said Jane shall have lawful children, said court " doth decree to said children, *at the decease* of said Jane, the " sum of $1,600, to be equally divided between the same, and " the payment of said sum shall be a charge on that part of said " home place situate in Milton."

The same decree in legal effect was made as to other legatees, under the like provisions of the will making the payments a charge upon the part of the home farm situate in Milton or Colchester, as provided in the will. No evidence, other than the will, was put in, bearing on the question of construction.

We think the construction adopted by the courts · below was correct. The words, "*to be paid at the decease of the said Jane,*" fixe the *time* of payment. That relieves all necessity of referring the word " manner " to the *time* of payment. In the next clause is named the sum to be paid, viz.: $1600, not $100, annually, as in the 8th paragraph. Then follows the *manner,*

viz.: "To be paid in the same manner as said annuity." We think that plainly refers to the second clause of the 8th paragraph, which, after providing for the annuity to Jane, is as follows: "To be paid to her by the said George Whittemore, or the legal owner or occupant of that part of my home farm, situate in said Milton."

The whole farm, that part in Milton and that part in Colchester, had been given to said Whittemore, subject to the payment of all these legacies, some, as before shown, being made a charge upon the part in one town and some in the other, but each one to be paid by him *or* the legal owner or occupant of that part, situate, in some cases in one town, and some in the other. The payment, therefore, though made a charge upon specific land, would not be payable by Whittemore, *unless* he was the legal owner or occupant, which he might not be, or might be of one part and not the other. Therefore, to relieve the testator's intent from doubt and uncertainty as to the *persons* to be charged, it was necessary to make some provision in reference to it. Having made such provision as to the *annuities* in the 8th paragraph, we think the clause in question was intended to refer to that, as a short way of providing the same thing, thereby making the whole complete and certain.

This construction we think expresses the intent of the testator; and under it effect is given to all the terms and clauses of the instrument.

Judgment affirmed, and let this be certified to the Probate Court.